UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA MCFANN,

      Plaintiff,

      v.

CASE NO.:

TAMPA YACHT AND COUNTRY CLUB INC., Florida Not For Profit Corporation,

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, AMANDA MCFANN (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant TAMPA YACHT AND COUNTRY CLUB INC., (hereinafter referred as "TAMPA YACHT AND COUNTRY CLUB" or "Defendant"), pursuant to the Families First Coronavirus Response Act ("FFCRA") and in support of states as follows:

### INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Families First Coronavirus Response Act ("FFCRA") and the Emergency Paid Sick Leave Act ("EPSLA"), 29 U.S.C. §216-217 *et seq*. and seeks damages, including back pay, liquidated damages, compensatory

and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

2. Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19).

3. Among the FFCRA's protections is the EPSLA.

4. The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other things, are (a) caring for his or her son or daughter whose school or place of care is closed or whose child care provider is unavailable for reasons related to COVID-19.

5. Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against ant employee because employee took paid sick leave under the EPSLA.

## **PARTIES**

6. Plaintiff was an employee of Defendant from September 2019 through September 2020.

7. Plaintiff is a resident of Hillsborough County, Florida.

8. By the very nature of its work, Defendant is a corporation that is engaged in commerce.

9. Defendant is engaged in an industry affecting commerce.

10. At all times relevant, Defendant was an "employer" as defined by 29

U.S.C. § 2611(4).

11. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

12. As of the date of her termination, Plaintiff had been employed by Defendants for at least thirty (30) days.

## JURISDICTION

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA") and Emergency Paid Sick Leave Act ("EPSLA"), which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. *See* 29 C.F.R. § 826.150.

14. Plaintiff worked for Defendant in Hillsborough County, Florida.

15. Defendant conducts business in Hillsborough County, Florida.

## VENUE

16. Venue is proper in the Middle District of Florida, Tampa Division pursuant to Local Rule 3.4.

## FACTUAL ALLEGATIONS

17. Plaintiff began her employment with Defendant, on or about September 2019.

18. Plaintiff worked for Defendant as a Purchasing and Receiving Agent.

19. Plaintiff worked approximately 40 hours per week.

20. Plaintiff was an employee in good standing until her employment ended on or around September 2, 2020.

21. Plaintiff was never reprimanded orally or in writing prior to her termination.

22. Plaintiff received praise for her work.

23. On July 2020, Plaintiff tested positive for COVID-19 and started to quarantine for two weeks consistent with the Center for Disease Control's (CDC) guidelines.

24. Due to COVID-19, Plaintiff's children were on an online homeschooling program.

25. Plaintiff's youngest child was cared for and supervised by their maternal grandmother.

26. On August 25, 2020, Plaintiff requested leave due to not having child care for her youngest child because her mother tested positive for COVID-19.

27. Plaintiff never received a response to her request for leave.

28. On September 2, 2020, Plaintiff was terminated.

29. At the time of her termination, Plaintiff was able to perform the

essential functions of her job.

30. During her employment with Defendant, Plaintiff worked for a covered employer as defined by the FFCRA.

31. At all relevant times, Plaintiff was eligible for EPSLA.

32. Prior to her termination, Plaintiff provided notice to Defendant of her need for EPSLA.

33. Plaintiff's notice for her need for EPSLA was timely.

34. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

35. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

36. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the EPSLA.

37. Defendant's actions constitute discrimination in violation of Plaintiff's rights under EPSLA.

38. Defendant interfered with Plaintiff's rights under FFCRA and EPSLA.

## COUNT I – VIOLATION OF THE FFCRA/EPSLA

39. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 38 above as if fully set forth herein.

40. The EPSLA requires employers to provide up to two weeks of paid sick leave and job protection for employees who, among other things, are (a) caring for his or her son or daughter whose school or place of care is closed or

5

whose child care provider is unavailable for reasons related to COVID-19.

41. These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

42. Paid sick time under the EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

43. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she had to care for her child whose child care provider was unavailable for reasons related to COVID-19.

44. Plaintiff was also entitled to job protection.

45. Defendant terminated Plaintiff while out on leave.

46. This is a direct violation of EPSLA's requirements.

47. Defendant's violation of the EPSLA's requirements was willful.

48. As a direct and proximate result of Defendant's violation of the EPSLA, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b) Order Defendant to make Plaintiff whole, by compensating Plaintiff for unpaid sick leave wages, lost wages and benefits,

       including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's exposure and taking of sick leave;

c)   Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d)   Award punitive damages; and

e)   Award any other relief this Honorable Court deems just and proper.

## COUNT II - RETALIATION UNDER THE FFCRA

49. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 38 above as if fully set forth herein.

50. The EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

51. Plaintiff took qualifying sick leave due to COVID-19.

52. Plaintiff's sick leave due to COVID-19 was protected activity.

53. Despite the EPSLA's requirements, Defendant unlawfully terminated Plaintiff after she took leave to care for her young child after her Mother tested positive for COVID-19.

54. An Employer who discharges, disciplines, or discriminates against

7

an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

55. Defendant violated Plaintiff's right under the EPSLA and FLSA.

56. Plaintiff's termination was an adverse employment action.

57. A causal connection exists between Plaintiff's protected activity and adverse employment action.

58. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b) Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of her long-term employment as a result of Plaintiff's diagnosis and taking of sick

leave;

c)     Award attorney's fees and costs pursuant to FFCRA and EPSLA;

d)     Award punitive damages; and

e)     Award any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 6th day of May, 2021.

Respectfully submitted,

*s/Bruce A. Mount*
Anthony J. Hall
FL Bar No. 40924
Bruce Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999 ext. 412
Facsimile: (833) 813-7512
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*